# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiffs, vs. ANGELIQUE TINDER, Defendant. | No. 08-CR-2006-LRR<br><br>**ORDER** |

## I. INTRODUCTION

The matters before the court are Defendant's Motion in Limine ("Defendant's Motion") (docket no. 29), the government's Motion in Limine ("Government's First Motion") (docket no. 30) and the government's Motion "Under Federal Rule of Evidence 104" ("Government's Second Motion") (docket no. 31) (collectively, "Motions").

## II. RELEVANT PRIOR PROCEEDINGS

On August 11, 2008 the parties filed the Motions. Neither party filed a resistance. On August 19, 2008 the court held a hearing on the Motions. The court finds the Motions fully submitted and ready for decision.

## III. ANALYSIS

In Defendant's Motion, Defendant asks the court to (a) bar the government from introducing evidence of other un-charged amended tax returns prepared by Defendant and (b) exclude expert testimony offered by the government. In Government's First Motion, the government asks the court to bar all Defendant's evidence regarding a permanent civil injunction obtained against Defendant in the Northern District of Illinois which enjoins Defendant from preparing tax returns. In Government's Second Motion, the government

1

also asks the court to rule on the admissibility of other un-charged amended tax returns prepared by Defendant to prove knowledge, intent and absence of mistake.[1] The court considers the first part of Defendant's Motion and Government's Second Motion together. The court considers the remaining categories of evidence, in turn.

### A. *Evidence of Other Un-Charged Tax Returns and Evidence Seized in Hotel*

First, Defendant and the government ask the court to rule on the admissibility of evidence of other un-charged tax returns prepared by Defendant and evidence seized during a search of Defendant's hotel room. Defendant asks the court to bar this evidence because it (1) will confuse the jury and (2) could result in a conviction based upon evidence that does not meet the reasonable doubt standard. The government seeks to offer this evidence to prove Defendant's knowledge, intent and absence of mistake with regard to Defendant's willful inclusion, in amended tax returns she prepared, deductions and credits to which Defendant knew the taxpayers were not entitled.

Federal Rule of Evidence 404(b) "allows evidence of another crime, wrong, or act to be introduced into evidence unless the sole purpose for offering the evidence is to establish the defendant's propensity for the crime." *United States v. Edelmann*, 458 F.3d 791, 809 (8th Cir. 2006) (citing *United States v. McCarthy*, 97 F.3d 1562, 1572 (8th Cir. 1996)). "It is a 'rule of inclusion.'" *Id.* (citing *McCarthy*, 97 F.3d at 1572). Under Federal Rule of Evidence 404(b), "evidence is admissible if it is '1) relevant to a material issue; 2) similar in kind and close in time to the crime charged; 3) proven by a preponderance of the evidence; and 4) if the potential prejudice does not outweigh its probative value.'" *Id.* (quoting *United States v. Voegtlin*, 437 F.3d 741, 745 (8th Cir. 2006)).

---

[1] At the hearing on the motion, the government urged the un-charged amended tax returns were admissible on the issues of intent and lack of mistake or accident, only.

2

In the present case, the government is required to prove that Defendant acted wilfully in aiding, assisting, procuring, counseling or advising in the preparation and presentation of income tax returns and that Defendant knew the credits or deductions under consideration were false. 26 U.S.C. § 7206(2). Defense counsel stated the defense is a general denial. Defendant claims she recorded on the amended tax returns the information supplied by the taxpayers. The government seeks to offer evidence Defendant prepared and aided in the preparation of numerous other false and fraudulent amended tax returns in other locations (Johnston, Iowa and Rockford, Illinois) during the same time frame and in the same matter as the charged offenses. The government seeks to offer such evidence to prove Defendant's knowledge, intent and absence of mistake with regard to the charged instances.

The government's proffered evidence meets the admissibility requirements of Federal Rule of Evidence 404(b). The evidence is relevant to the material issue of Defendant's intent and the Defendant's absence of mistake or accident in preparing the returns. It is sufficiently similar to the charged conduct in that the un-charged conduct occurred during the same time frame and in the same manner as those prepared in the Northern District of Iowa. The government will be required to prove the un-charged other acts by a preponderance of the evidence. *See Voegtlin*, 437 F.3d at 745. The government is required to prove Defendant's conduct was wilful, and, evidence of other acts regarding her intent or absence of mistake is certainly probative of Defendant's wilfulness.

However, the volume of such evidence is overly prejudicial and outweighs its probative effect. *See* Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice…"). *See United States v. Cook*, 454 F.3d 938, 941 (8th Cir. 2006) (court may decide to admit only some of the proffered evidence and may limit inquiry into

3

prejudicial details) (*citing* 2 *Weinstein's Fed. Evid.* § 404.23(5)(a) (2d ed. 2006)). In addition, any concerns this evidence may be considered by the jury for an improper purpose can be cured with a cautionary instruction to the jury advising it of the purposes for which it may consider such evidence, upon motion by a party. *United States v. Franklin*, 250 F.3d 653, 659 (8th Cir. 2001); *Edelmann*, 458 F.3d 791 at 809 (*citing United States v. Burkett*, 821 F.2d 1306, 1309 (8th Cir. 1987)). Nearly half of the government's thirty-four proposed witnesses are taxpayers for whom Defendant prepared amended tax returns, but these witness' tax returns are not charged in the Indictment. Of the approximately 138 proposed exhibits, nearly sixty are amended tax returns prepared by Defendant and were not charged in the Indictment. Accordingly, the court will allow the government to introduce into evidence a small representative sample of amended tax returns prepared by Defendant not charged in the Indictment, in any event not more than three, and of course the persons for whom those amended tax returns were prepared.

Additionally, the court shall allow the government to present witnesses competent to describe what was found in Defendant's hotel room during the search in June 2003. Accordingly the court shall grant in part and deny in part Government's Second Motion and Defendant's Motion as to other un-charged tax returns.

### *B. Expert Testimony*

Defendant also requests that the court ban any expert testimony in this case. "[E]xpert testimony is admissible if it is relevant, helpful to the jury, and will not confuse the jury." *United States v. Shedlock*, 62 F.3d 214, 219 (8th Cir. 1995). "Expert testimony is helpful to a jury if it concerns matters beyond the knowledge of average individuals; however it cannot supplant the jury's role in evaluating the evidence." *Id.* (citing *United States v. French*, 12 F.3d 114, 116 (8th Cir. 1993)). "Expert testimony in a criminal matter is appropriate when it relates to issues that are

4

beyond the ken of people of ordinary intelligence." *United States v. Davis*, 457 F.3d 817, 824 (8th Cir. 2006) (citing *French*, 12 F.3d at 116). "[A]ny doubts regarding the admissibility of expert testimony should be resolved in favor of admission." *Probatter Sports, LLC. v. Joyner Tech., Inc.*, No. 05-CV-2045-LRR, 2007 WL 3285799 *4 (N.D. Iowa 2007) (citing *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 758 (8th Cir. 2006)); Fed. R. Evid. 702 Advisory Committee notes. "'[T]he rejection of expert testimony is the exception rather than the rule.'" *Robinson v. GEICO General Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006) (quoting Fed. R. Evid. 702 Advisory Committee's note).

Defendant requests expert testimony be excluded because the issues in the case involve factual disputes and expert testimony on factual issues would invade the province of the jury. Specifically, Defendant seeks to exclude expert testimony regarding the reasonableness of certain deductions or expenses claimed by the taxpayers. An expert, as distinguished from a lay witness, may express his opinion on an ultimate jury question. *Alumbaugh v. Union Pacific R. Co.*, 322 F.3d 520, 525 (8th Cir. 2003). An expert witness may testify to an ultimate jury fact if it is within the field of the expert's particular and special knowledge, and "peculiarly without the knowledge of the jury" so that the jury would be unable to judge the fact as well as the expert. *Walton v. Sherwin-Williams Co.*, 191 F.2d 277, 284 (8th Cir. 1951). "Although expert opinion embracing an ultimate issue is permissible under Federal Rule of Evidence 704(a), 'courts must guard against invading the province of the jury on a question which the jury was entirely capable of answering without the benefit of expert opinion.'" *Rottlund Co. v. Pinnacle Corp.*, 452 F.3d 726, 732 (8th Cir. 2006) (quoting *Robertson v. Norton Co.*, 148 F.3d 905, 908 (8th Cir. 1998)).

The government's proposed expert testimony is limited to background information that will help the jury understand the substance and procedure involved in preparing

5

amended tax returns. Expert testimony on this background material will help the jury as amended tax return substance and procedure is beyond the knowledge of average persons. At this point, the government does not intend to proffer expert testimony on factual matters. Accordingly, the court shall deny Defendant's motion with respect to expert testimony. The expert testimony is, however, limited to background information on amended tax return procedure and material. Testimony on factual matters is excluded pending an offer of proof by the United States.

### C. Civil Injunction

Finally, the government requests the court exclude all evidence regarding a permanent civil injunction enjoining Defendant from preparing tax returns in the Northern District of Illinois. The government seeks to exclude this evidence under Federal Rule of Evidence 402 because it could confuse the jury and lead to nullification if Defendant argues she has already been punished as a result of the permanent injunction.

Federal Rule of Evidence 402 provides "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The civil injunction in the Northern District of Illinois is not relevant to the case at bar. The civil injunction would have no bearing on Defendant's guilt or innocence. Defendant has not proposed to offer it for another purpose. There is a risk the jury could consider the evidence to determine whether Defendant was adequately punished by civil penalties such that the government's prosecution of the Defendant would be unfair. *See United States v. Johnson*, 284 F.Supp. 273, 284 (D. Mo. 1968). Finally, Defendant has not resisted Government's First Motion. Accordingly, the court shall grant Government's First Motion.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED:**

(1) The Motions (docket nos. 29, 30 and 31) are **GRANTED IN PART AND DENIED IN PART**; and.

(2) The parties must not directly or indirectly refer to or elicit answers from witnesses on the prohibited subjects. Each party is charged with the responsibility of cautioning its witnesses as to the substance of this Order.

**IT IS SO ORDERED.**

**DATED** this 25 day of August, 2008.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA