# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ANGELIQUE TINDER n/k/a<br>ANGELIQUE HOWEN,<br><br>    Defendant. | No. 08-CR-2006-LRR<br><br>**ORDER** |

## *I. INTRODUCTION*

The matter before the court is Defendant Angelique Tinder's oral Motion for a Judgment of Acquittal with respect to Indictment Counts 33 and 34 ("Motion").

## *II. RELEVANT PROCEDURAL HISTORY*

On April 4, 2008, a grand jury returned a thirty-five count Indictment against Defendant (docket no. 2). Counts 1-35 charged Defendant with Aiding in the Preparation of False and Fraudulent Tax Returns, in violation of 26 U.S.C. § 7206(2).

From August 25, 2008 to August 28, 2008, the court held a jury trial on Counts 1-35. During the trial, the government dismissed Counts 1-3. At the conclusion of the government's case, Defendant made the oral Motion for a judgment of acquittal on Counts 4-35. The court denied the Motion as to Counts 4-32 and reserved ruling on Counts 33-35. The jury found Defendant guilty of Counts 4-34 and acquitted her on Count 35.

On September 16, 2008, the government filed a resistance (docket no. 64). On September 29, 2008, Defendant filed a brief in support of the Motion (docket no. 68).

The court finds the matter fully submitted and ready for decision.

## III. LEGAL STANDARD

### A. *Motion for Judgment of Acquittal*

Federal Rule of Criminal Procedure 29 provides that "the court on the [Defendant]'s motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "The court may reserve decision on the motion, proceed with the trial[,] . . . submit the case to the jury, and decide the motion either before the jury returns a verdict of guilty or is discharged without having returned a verdict." Fed. R. Crim. P. 29(b). It is well settled, however, that "[j]ury verdicts are not lightly overturned." *United States v. Stroh*, 176 F.3d 439, 440 (8th Cir. 1999). "A motion for judgment of acquittal should be granted only where the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury must have a reasonable doubt as to the existence of any of the essential elements of the crime charged." *United States v. Mundt*, 846 F.2d 1157, 1158 (8th Cir. 1988); *see also United States v. Cacioppo*, 460 F.3d 1012, 1021 (8th Cir. 2006) ("A motion for judgment of acquittal should be granted only 'if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt.'" (quoting *United States v. Gomez*, 165 F.3d 650, 654 (8th Cir. 1999)); *United States v. Surratt*, 172 F.3d 559, 563 (8th Cir. 1999) (holding that evidence should be viewed in light most favorable to the government). The court must uphold the jury's verdict so long as "a reasonable-minded jury could have found [Defendant] guilty beyond a reasonable doubt." *United States v. Hayes*, 391 F.3d 958, 961 (8th Cir. 2004). It is not the province of the court to weigh the evidence or evaluate the credibility of witnesses. *Id*. Those tasks are for the jury. *Id*. In reviewing the sufficiency of the evidence, the court must assume the truth of the government's evidence. *United States v. Young*, 707 F.2d 133, 137 (8th Cir. 1983).

## IV. RELEVANT FACTUAL BACKGROUND

Viewing the evidence in the light most favorable to the government, the relevant evidence is as follows. In 2002, Defendant opened a business called "Your Tax Master." Generally, Defendant prepared amended income tax returns for clients in exchange for a lump sum fee. If the client had not already received a full refund, Defendant would prepare an amended tax return using fraudulent education credits, medical or unreimbursed employment expenses deductions and charitable contributions. Essentially, Defendant reported inflated deductions, contributions and credits in the amended returns. As a result, her clients became eligible for additional refunds.

Each count of the Indictment was based on an amended tax return prepared by Defendant in April and May of 2003. During this time, Defendant set up shop in a motel in Waterloo, Iowa, where she prepared amended returns for Bosnian national clients.

With respect to Counts 33 and 34, Denis, n/k/a/ Ahmed Smajlovic, visited Defendant at the motel on May 16, 2003. Mr. Smajlovic testified he brought only his tax returns from the years 2000, 2001, and 2002. These tax returns were originally prepared by a tax preparer in Des Moines. The amended return prepared for the year 2000 is the subject of Count 33. The amended return prepared for the year 2001 is the subject of Count 34. The amended return prepared for the year 2002 is the subject to Count 35.

Mr. Smajlovic testified he spent approximately 10-15 minutes with Defendant. Mr. Smajlovic believed he spent a few hundred dollars on tools and shoes for work during the years 2000 and 2001 for which he was not reimbursed. He also recalled having expenses related to training for and obtaining a license to drive trucks in 2002. When asked if he spent $2,580 in employment expenses during the year 2000, as reflected in Trial Exhibit 33, Mr. Smajlovic stated that he had not and added that he would not have told someone he spent this much. When asked if he spent $3,255 in employment expenses during the year 2001, as reflected in Trial Exhibit 34, he again stated that he had not spent this much.

Although Mr. Smajlovic could not recall the exact amounts he provided to Defendant for his employment expenses, he was certain he did not spend the amounts reported in the amended returns prepared by Defendant.

In addition to Mr. Smajlovic's testimony, the government presented evidence on the scope and extent of Defendant's business. The evidence showed Defendant had education, training and experience in the preparation of amended tax returns. Internal Revenue Service ("IRS") witnesses suggested Defendant prepared approximately 2200 amended returns claiming additional refunds. Agent Biegger testified regarding his interview of Defendant. During this interview, Defendant provided inconsistent responses to questions regarding what she believed to be allowable deductions. Defendant also claimed the erroneous amounts on the amended tax returns were the result of a computer glitch. Defendant further claimed the taxpayers provided her with the amounts used for the amended returns; however, each witness testified they did not know from where Defendant had derived her numbers. In addition, the notes Defendant kept as evidence the taxpayers provided these figures, were destroyed.

## V. *ANALYSIS*

Defendant presents one argument in support of the Motion. Defendant claims that the evidence presented was not sufficient to convict Defendant of aiding in the preparation of false and fraudulent tax returns. In order to be convicted of aiding in the preparation of false and fraudulent tax returns, the government had to prove the following elements:

> One, Defendant aided, assisted in, procured, counseled or advised the preparation or presentation of an Amended U.S. Individual Income Tax Return, Form 1040X;
>
> Two, the Amended U.S. Tax Return, Form 1040X under consideration falsely stated that the taxpayer or taxpayers were entitled to under the provisions of the Internal Revenue Service laws, one or more deductions or credits for items or amounts for which such taxpayer or taxpayers were not entitled to claim deductions or credits;

4

>Three, Defendant knew the statement in the Amended U.S. Individual Income Tax Return, Form 1040X was false;
>
>Four, Defendant acted wilfully, that is, with the voluntary intent to violate a known legal duty; and
>
>Five, the false statement was material.

Final Jury Instruction No. 14 (docket no. 56); Tenth Circuit Model Criminal Jury Instruction No. 2.94 (*citing* 26 U.S.C. § 7206(2)).

Viewing the evidence in the light most favorable to the government, the court finds that there is substantial evidence from which a reasonable-minded jury could have found Defendant guilty beyond a reasonable doubt. *See Hayes*, 391 F.3d at 961.

First, there is no doubt Defendant prepared the tax amended returns. Numerous witnesses identified Defendant as the individual who prepared the amended tax returns at issue. Agent Biegger interviewed Defendant at the motel. Defendant signed her name and listed her business on each of the amended returns on the line designating the "Preparer's Signature." *See e.g.* Trial Exhibit 33, p. 1.

Second, there is sufficient evidence Mr. Smajlovic was not entitled to the deductions claimed in Counts 33 and 34. While Mr. Smajlovic was not certain of the exact figures he provided to Defendant, he was certain he did not claim to be entitled to the deductions listed in Exhibits 33 and 34. In addition, Mr. Smajlovic's testimony was not the only evidence with regards to the falsity of the claimed deductions. The jury likely considered the scope and extent of Defendant's business. The government presented testimony from the IRS, Defendant's former supervisor, Defendant's employee and eleven taxpayers for whom Defendant prepared amended tax returns. When taken together, this evidence was sufficient for the jury to conclude Mr. Smajlovic was not entitled to the deductions claimed in Counts 33 and 34.

With respect to the third and fourth elements, there was also sufficient evidence for

5

the jury to conclude Defendant knew the deductions were false and acted wilfully. Mr. Smajlovic provided no receipts or other proof of these expenses. He testified he would not have told her he spent thousands of dollars on boots and gloves. Many of the taxpayer witnesses testified they did not know where Defendant had obtained the claimed amounts. Some of the witnesses claimed Defendant never even asked them for amounts, and simply filled out the amended returns. Defendant spent only 10-15 minutes with the taxpayers preparing three years worth of amended returns. On the amended returns, Defendant stamped the following language: "[d]ue to a language barrier the client did not understand to itemize all their deductions . . . ." *See e.g.* Exhibit 33, p. 2. However, many of the clients who filed these amended returns spoke English well. Mr. Mufarreh, Defendant's former employer, described Defendant's comprehensive education, training and experience. Ms. Perez, Defendant's employee described how Defendant's business became very popular with Bosnian nationals, and how Defendant would travel from Rockford, Illinois to locations in Iowa to meet their demands. Some of these clients testified they did not even look over the amended return before they signed it because they did not understand the amended returns and because they trusted Defendant since they were paying her. All of this evidence demonstrates Defendant knew the numbers she was providing on the amended returns were not accurate and that she provided these inaccurate numbers wilfully.

Finally, a reasonable jury could conclude these deductions and credits were material. The jury was instructed "[a] statement is material if it concerned a matter necessary to the correct computation of taxes owed and statement was capable of influencing the decision of the [IRS]." Final Jury Instruction No. 15 (citing Tenth Circuit Model Jury Instruction No. 2.94). The fraudulent deductions and credits factored into the amount of each refund. The amended returns were signed by the taxpayers and submitted to the IRS with the taxpayers' expectation they would be receiving an additional refund.

The IRS paid out some of the returns but rejected many of them when it discovered they were fraudulent.

The government provided sufficient evidence on each essential element of the crimes charged. A reasonable jury could have found guilt beyond a reasonable doubt. *See Smalley v. United States*, 798 F.2d 1182, 1188 (8th Cir. 1987). Accordingly, the court shall deny the Motion.

## *VI. CONCLUSION*

The Motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 6th day of November, 2008.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA